# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

GRANT TOWNSHIP, et al.,

    Plaintiffs,

v.

THE BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY
OF DOUGLAS COUNTY, KANSAS,

    Defendant.

Case No. 24-2306-JAR-RES

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Leave to Amend the Complaint ("Motion"), which was originally filed in the District Court of Douglas County, Kansas ("State Court").[1] ECF No. 10. A response and a reply have been filed. ECF Nos. 17, 19. The Motion is fully briefed, and for the reasons explained below, the Motion is granted.

## I.  BACKGROUND

On May 13, 2024, Plaintiffs filed a Complaint in State Court. ECF No. 5-1 at 1. Highly summarized, this action challenges the manner and basis of Defendant's approval of a Conditional Use Permit for a solar power plant in Douglas County, Kansas. *See id.*

On June 20, 2024, Plaintiffs filed their First Amended Complaint. *Id.* at 34. Plaintiffs' Count 3 in the First Amended Complaint is entitled: "Declaratory Judgment, Violation of Rights

---

[1] Plaintiffs' pleading in state court is referred to as a petition, *see, e.g.*, K.S.A. § 60-203, and consequently Plaintiffs' Motion for Leave to Amend sought leave to amend their petition. For the sake of consistency and clarity, the Court will refer to Plaintiffs' pleading as a complaint throughout this Order.

Secured by the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the U.S. Constitution[.]" *Id.* at 128.  Paragraph 367 in Count 3 states: "Plaintiffs possess liberty and/or property interests protected by the Due Process and Equal Protections Clauses of the Fourteenth Amendment to the U.S. Constitution and the Kansas Constitution." *Id.*  Paragraph 371 additionally claims that the "County's actions . . . violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and the Kansas Constitution." *Id.* at 129. In the "Wherefore" clause for Count 3, Plaintiffs request that the Court enter a declaratory judgment finding that the County "violated Plaintiffs' rights as secured by the Due Process and Equal Protection Clauses of the United States Constitution" and "granting Plaintiffs all available relief under 42 U.S.C. § 1983." *Id.* at 129.

While the lawsuit was still pending in State Court, Plaintiffs filed this Motion on July 15, 2024.  ECF No. 7-1.  Plaintiffs' Motion noted that "leave of the Court" was required for the amendment because K.S.A. § 60-215—like Federal Rule of Civil Procedure 15—only allows a party to amend its pleadings once as a matter of course, after which the opposing party's consent or leave of court is required.  *See* ECF No. 7-1 at 1 (explaining why leave of court was required for the amendment).  In the Motion, Plaintiffs concede that the amendment's purpose was to avoid removal to federal court.  *Id.*  at 1 ("Plaintiffs seek leave to amend in order to remove references to the U.S. Constitution.  The County has threatened removal of this action to federal court, and Plaintiffs do not intend or seek to invoke federal question jurisdiction or any federal remedies.").

Before the Motion could be fully briefed in State Court, Defendant removed the case to this Court on July 16, 2024.  ECF No. 1.

2

## II.   DISCUSSION

### A.   Legal Standard[2]

Federal Rule of Civil Procedure 15(a) provides that unless an amendment is allowed as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).[3] Rule 15 further instructs that courts should "freely give leave when justice so requires." *Id.* "The purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotations and citation omitted). A court may deny a motion to amend on the grounds of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment." *Hasan v. AIG Prop. Cas. Co.*, 935 F.3d 1092, 1101-02 (10th Cir. 2019) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Defendant objects to the amendment only on the bases of futility and bad faith. *See* ECF No. 17 at 2. A "proposed amendment is futile if the complaint, as amended, would be subject to

---

[2]   In their Memorandum in Support of their Motion to Remand, Plaintiffs assert, in part, that "the court lacks subject matter jurisdiction . . . ." ECF No. 9 at 3. The District Judge ultimately will rule on whether remand is appropriate, and this Memorandum and Order is not intended to indicate how the District Judge may resolve the motion to remand. But on its face, Plaintiffs' current operative Complaint plainly includes an action for declaratory relief that arises "under the Constitution, laws or treaties of the United States," and seeks all available relief pursuant to a federal statute, 42 U.S.C. § 1983. At this stage of the proceeding, the Court has jurisdiction to rule on this pending Motion. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

[3]   Plaintiffs' Motion was filed in State Court and cites to Kansas law. *See, e.g.*, ECF No. 7-1 at 1-2. Consistent with Fed. R. Civ. P. 81(c), after removal, all parties in their response and reply memoranda have cited to federal case law and rules.

dismissal." *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.,* 521 F.3d 1278, 1288 (10th Cir. 2008).  The futility analysis is often the functional equivalent of the analysis undertaken in resolving a Rule 12(b)(6) motion to dismiss for failure to state a claim.  *See Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999).  The party opposing a motion to amend on futility grounds bears the burden to establish the futility of the amendment.  *Hills v. Arensdorf*, No. 20-4037-EFM, 2020 WL 12967771, at *1 (D. Kan. Dec. 1, 2020).

Defendant does not define what constitutes bad faith under Rule 15.  *See generally* ECF No. 17.  In this District, bad faith has been defined "as 'dishonesty of belief, purpose or motive.'" *Kramer v. Textron Aviation, Inc.*, No. 20-2341-HLT-GEB, 2022 WL 218750, at *5 (D. Kan. Jan. 25, 2022) (quoting Black's Law Dictionary (11th ed. 2019)); *accord United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 198 (4th Cir. 2022) (citing to a similar definition from Black's Law Dictionary and stating "[w]e cannot provide a comprehensive definition of a term like bad faith; in truth, it is a difficult term to define without retreating to circular reasoning or just listing examples.").  The "'movant's bad faith must be apparent from evidence of record[.]'" *Kramer*, 2022 WL 218750, at *5 (quoting *Koch v. Koch Indus.*, 127 F.R.D. 206, 211 (D. Kan. 1989)).  The burden to establish bad faith rests with the party opposing the motion to amend.  *See Schmitendorf v. Juicy's Vapor Lounge Inc.*, No. 2:22-CV-02293-TC-GEB, 2023 WL 6313199, at *3 (D. Kan. Sept. 27, 2023) (citing *Hinkle v. Mid-Continent Cas. Co.*, No. 11-2652-JTM, 2012 WL 2581000, at *2 (D. Kan. July 3, 2012)), *report and recommendation adopted as modified*, No. 22-CV-02293-TC-GEB, 2024 WL 959587 (D. Kan. Mar. 6, 2024).

Defendant does not contend, and the Court does not find, that Plaintiffs have unduly delayed, have a dilatory motive, have repeatedly failed to cure deficiencies by amendments

4

previously allowed, or that Defendant has experienced undue prejudice.[4]  Defendant only claims that the amendment is futile and that Plaintiffs are acting in bad faith in seeking the amendment because they are engaging in forum shopping.  *See* ECF No. 17 at 2.  For the reasons discussed, the Court concludes that Defendant has not met its burden to establish futility or Plaintiffs' bad faith.

B.     **Futility**

Defendant argues Plaintiffs' amendment is futile because even if Plaintiffs' complaint is amended as requested, it will not change whether the case could be removed or should be remanded.  ECF No. 17 at 3-5 (incorporating Defendant's arguments from its briefing on the motion to remand).  Defendant never argues that Plaintiffs' proposed amended complaint would be subject to dismissal if the Court allowed the amendment.  Instead, Defendant cites to *Bouie v. Equistar Chemicals LP*, 188 F. App'x 233, 238-39 (5th Cir. 2006), which affirmed a district court's finding that an amendment to remove federal claims was in bad faith and would be futile because it would not impact whether removal would be appropriate.  ECF No. 17 at 3.[5]

---

[4] The Tenth Circuit has stated that the "most important[ ] factor in deciding a motion to amend the pleadings[] is whether the amendment would prejudice the nonmoving party.  'Rule 15 . . . was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result.'"  *Minter*, 451 F.3d at 1207-08 (citation omitted).  Here, Defendant does not allege prejudice, much less undue prejudice.  The Court cannot find any undue prejudice in allowing the amendment at this very early stage of the litigation, which weighs in favor of allowing the amendment.  *See Jain v. Randel Solutions, LLC*, No. 21-CV-2126-EFM-GEB, 2021 WL 3206334, at *4 (D. Kan. July 29, 2021) ("Generally, the courts find that amendments during the early stages of litigation do not cause undue delay or prejudice.").

[5] Defendant also cites to *Urioste v. Ardent Health Servs., LLC*, No. CV 08-00052 MV RLP, 2008 WL 11320127, at *1 (D.N.M. May 30, 2008).  That case, however, did not rule on a motion to amend.  Instead, after the plaintiffs voluntarily dismissed their federal claim, the plaintiffs filed a motion to remand.  *Id.* ("Three days following Defendants' removal of this case, and prior to Defendants' filing an Answer to the First Amended Complaint, Plaintiffs filed a Notice of Voluntary Dismissal of Plaintiffs' Claim for the EMTALA violations.  On the same day, Plaintiffs filed this motion seeking remand of the case to state court.").  Ultimately, that court

Plaintiffs argue that whether a party will achieve its stated goal or purpose for seeking an amendment is not the test for futility in the Tenth Circuit under Federal Rule of Civil Procedure 15. ECF No. 19 at 2. Instead, Plaintiffs argue that when applying the proper test—whether amendment would subject the complaint to dismissal—Plaintiffs' amendment is not futile. *Id.*

The Court agrees. The law in the Tenth Circuit is clear that a "proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Anderson*, 521 F.3d at 1288. Again, Defendant does not argue that these amendments render any part of the complaint subject to dismissal. The Court is not persuaded to ignore controlling circuit authority on how to analyze the issue of futility by a citation to a per curiam, unpublished opinion from another circuit. *Bouie,* 188 F. App'x at 235 n.* ("Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.").

Because Defendant does not argue that removing the references to the United States Constitution or other federal laws would subject Plaintiffs' complaint to dismissal, the Court concludes Defendant has not met its burden to establish the futility of Plaintiffs' amendment.

**C.     Bad Faith**

It has long been held that "plaintiff is 'the master of the complaint,' [and] the well-pleaded-complaint rule enables him, 'by eschewing claims based on federal law, . . . to have the cause heard in state court.'" *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398-99 (1987)). It is therefore not surprising that courts routinely allow plaintiffs to voluntarily drop federal claims with the purpose of having

---

determined that it had subject matter jurisdiction but remanded the case to state court when it declined to exercise supplemental jurisdiction over the remaining state law claims. *Id.* at *2-3.

any remaining state law claims heard in state court.  Indeed, judges in this District and Circuit have readily found that amending a complaint in the hopes of seeking successful remand does not—standing alone—evidence bad faith such that the amendment should be denied.  *See, e.g., Nash v. Correct Care Sols., LLC*, No. 07-4065-JAR-JPO, 2007 WL 2893522, at *2 (D. Kan. Sept. 12, 2007) ("Simply amending a complaint so that it can be remanded, however, is not bad faith without some showing that plaintiff intended to put defendants through the removal-remand procedures." (citation omitted)); *see also Weber v. Denco, Inc.*, No. 2:15-CV-0418 RB/SMV, 2015 WL 12803116, at *2 (D.N.M. Aug. 21, 2015) ("However, Defendants' assertion of forum shopping does not support a finding of bad faith for purposes of Rule 15(a).  Courts have held that 'it is not bad faith for a plaintiff to bring both State and federal claims in State court and then, upon removal, seek dismissal of the federal claims and remand to State court.'" (citations omitted)).

    Defendant cites cases in support of its argument that forum shopping alone evidences bad faith.  *See* ECF No. 17 at 3-4.  But the majority of these cases, as demonstrated by Defendant's parenthetical quotations, merely stand for the proposition that the propriety of removal is determined at the time of removal, not by actions occurring after a case has been removed.  Only two of Defendant's cited cases appear to discuss the concept of bad faith.  The first, *Urioste v. Ardent Health Servs., LLC*, as noted above, did not involve a motion to amend and also "made no finding that Plaintiffs' [voluntary] dismissal of the claims was either in bad faith []or frivolous."  *Urioste*, 2008 WL 11320127, at *3.  While the second case, *Bouie v. Equistar Chemicals LP*, affirmed a district court's finding that seeking an amendment for purposes of remand evidenced bad faith, as previously discussed, this is an out-of-circuit opinion with limited precedential or persuasive value in light of the more recent caselaw in this Circuit.

7

Here, Defendant does not allege that there is other conduct beyond the amendment itself that evidences bad faith. The available record does not support any claim of bad faith in seeking the amendment because Plaintiffs sought their amendment *before* removal, which underscores Plaintiffs' efforts to potentially avoid the removal-remand process. *Nash*, 2007 WL 2893522, at *2. For these reasons, the Court concludes that Defendant has not met its burden to establish Plaintiffs' bad faith.

### III.  CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Leave to Amend the Complaint, ECF No. 10, is **GRANTED**. Within two business days from the date of this order, Plaintiffs shall file their Second Amended Complaint (ECF No. 7-1 at 3-99) as a separate docket entry in this case.

**IT IS SO ORDERED.**

Dated: August 22, 2024, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge