# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

GRANT TOWNSHIP, et al.,

    Plaintiffs,

v.

DOUGLAS COUNTY, KANSAS,

    Defendant.

Case No. 24-2306-JAR-RES

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' Motion for Remand and Costs and to Stay Pending Ruling on Remand (Doc. 8). The motion is fully briefed and the Court is prepared to rule. As described more fully below, the Court grants the motion to remand, denies the motion for costs, and finds the motion to stay moot.

## I.  Background

On May 13, 2024, Plaintiffs Grant Township; Pines International, Inc.; North Lawrence Improvement Association; Nancy Thellman; Scott T. Thellman, Sr.; Juniper Hill Farms, LLC; Scott T. Thellman, Jr.; Joshua Peters; Amber Ross; Ironstone Events, LLC; Bonnye Little-Hadl; Paulette Schwerdt; Dorance Little; Stacey Wendland; Nancy Yonnally; SOS Kaw Valley, LLC; Ted Boyle; Marc Wilborn; Susan Wilborn; Lazy Susan Farms, LLC; Lisa Harris; Rick Frydman; Lowell Neitzel; and Krystale Neitzel filed a Petition in Douglas County, Kansas District Court challenging the manner and basis of Defendant Douglas County's approval of a Conditional Use Permit for a solar power plant. On June 20, 2024, Plaintiffs filed a First Amended Petition, which included Count 3: "Declaratory Judgment, Violation of Rights Secured by the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the U.S. Constitution and

the Kansas Constitution."[1]  Count 3 alleged that "Plaintiffs possess liberty and/or property interests protected by the Due Process and Equal Protections Clauses of the Fourteenth Amendment to [the] U.S. Constitution and the Kansas Constitution."[2]  Count 3 further alleged that the "County's actions . . . violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and the Kansas Constitution."[3]  In the "Wherefore" clause for Count 3, Plaintiffs requested that the Court enter a declaratory judgment finding that Defendant "violated Plaintiffs' rights as secured by the Due Process and Equal Protection Clauses of the United States Constitution" and "granting Plaintiffs all available relief under 42 U.S.C. § 1983."[4]

While the lawsuit was still pending in state court, Plaintiffs filed a motion for leave to amend, omitting references to § 1983 and the United States Constitution.[5]  Plaintiffs conceded that the amendment's purpose was to avoid removal to federal court.  But before the motion for leave to amend could be fully briefed and decided in state court, Defendant removed the case to this Court on July 16, 2024.[6]  The parties completed briefing on the motion for leave to amend in this Court, and presiding Magistrate Judge Rachel Schwartz granted that motion on August 22, 2024.[7]  Plaintiff filed the operative Second Amended Complaint ("SAC") on August 22, 2024.[8]  Plaintiffs label their four claims in the SAC as follows: (1) Petition for Review of

---

[1] Doc. 5-1 at 128.

[22] *Id.* at 128 ¶ 367.

[3] *Id.* at 129 ¶ 371.

[4] *Id.* at 129.

[5] Doc. 7-1.

[6] Doc. 1.

[7] Doc. 20.

[8] Doc. 21.

Reasonableness of County Action Pursuant to K.S.A. 12-760; (2) Mandamus; (3) Declaratory Judgment, Violation of Rights Secured by the Due Process and Equal Protection Clauses of the Kansas Constitution; and (4) Breach of Contract.

On August 1, 2024, before the motion for leave to amend was decided, Plaintiff moved to remand for lack of subject matter jurisdiction. Plaintiff further asks the Court to impose costs and fees under 28 U.S.C. § 1447(c) because Defendant lacked an objectively reasonable basis for removal, given that the motion for leave to amend was pending at the time of removal. Finally, Plaintiff asks the Court to stay any decision on another pending motion—Free State Solar Project, LLC's Motion to Intervene[9]—until it decides the motion to remand.

## II. Motion to Remand

### A. Standard

Federal courts are required to remand a case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[10] To avoid remand, defendants must show that the action satisfies the requirements for federal jurisdiction.[11] Because federal courts "are courts of limited jurisdiction," there is typically a presumption against federal jurisdiction.[12] Relevant here, Defendant invokes federal question jurisdiction pursuant to 28 U.S.C. § 1331 as grounds for removal.[13]

---

[9] Doc. 14.

[10] 28 U.S.C. § 1447(c).

[11] *See Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." (citation omitted)).

[12] *Dutcher v. Matheson*, 733 F.3d 980, 984–85 (10th Cir. 2013) (quoting *Rural Water Dist. No. 2 v. City of Glenpool*, 698 F.3d 1270, 1274 (10th Cir. 2012)).

[13] Doc. 1 ¶ 4.

To present a federal question, a claim must arise under the Constitution, laws, or treaties of the United States.[14] A case "arises under" federal law if its well-pleaded complaint establishes that either (1) federal law creates the cause of action asserted, or (2) the plaintiff's right to relief necessarily depends upon the resolution of a substantial question of federal law.[15] Whether a suit "arises under" federal law is determined by the well-pleaded complaint rule, which provides that federal jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[16] The well-pleaded complaint rule makes the plaintiff the master of his claim by allowing him to elect either federal or state court, based on how the complaint is drafted.[17] However, while the plaintiff may not omit federal issues essential to his claim simply to circumvent federal jurisdiction, he may avoid federal jurisdiction by relying exclusively on state law.[18]

B. Discussion

Here, Plaintiff's SAC alleges exclusively Kansas law causes of action. Nonetheless, Defendants argue that Count 3, which alleges equal protection and due process violations under the Kansas Constitution, arises under federal law because the Kansas constitutional provisions are coterminous with the Fourteenth Amendment's equal protection and due process provisions. Thus, Defendants rely on the "substantial question" branch of federal question jurisdiction, which the Tenth Circuit describes as "exceedingly narrow—a 'special and small category' of

---

[14] 28 U.S.C. § 1331.

[15] *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006); *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006).

[16] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

[17] *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1023 (10th Cir. 2012).

[18] *Id.*

4

cases."[19] Under this category, federal jurisdiction will lie over a state law claim "if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."[20] "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."[21]

The parties here fail to specifically address or acknowledge this test, so the Court considers the arguments they do make in applying it. The Court assumes without deciding that Plaintiff's claims under the Kansas Constitution raise a disputed and substantial issue of federal law on the basis that Kansas courts have construed the Kansas Constitution's equal protection and due process clauses coextensively with the United States Constitution.[22] But because exercising federal jurisdiction over Plaintiffs' state constitutional claims would upset the federal-state balance approved by Congress, the Court finds no federal question jurisdiction over Count 3, and thus, remand is required.

Defendants are correct that the Kansas Supreme Court generally follows the decisions of the United States Supreme Court in interpreting the state constitution's equal protection and due process provisions.[23] However, the fact that the state courts follow federal decisions in

---

[19] *Gilmore v. Weatherford*, 694 F.3d 1160 (10th Cir. 2012) (quoting *McVeigh*, 547 U.S. at 690).

[20] *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)); *Becker v. Ute Indian Tribe of the Uintah & Ouray Rsrv.*, 770 F.3d 944, 947 (10th Cir. 2014).

[21] *Becker*, 770 F.3d at 947 (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 (1986)).

[22] *See Rivera v. Schwab*, 512 P.3d 168, 179–80 (Kan. 2022) ("Traditionally we have held that under the Kansas Constitution Bill of Rights, sections 1 and 2 offer the same guarantees of due process and equal protection as provided in the Fourteenth Amendment of the United States Constitution." (citing *Farley v. Engelken*, 740 P.2d 1058, 1061 (Kan. 1987))), *cert. denied sub nom.*, *Alonzo v. Schwab*, 143 S. Ct. 1055 (2023).

[23] *See id.*

construing these provisions does not mean that they relinquish primary jurisdiction over those claims:

> When interpreting the meaning of our state Constitution, this court has frequently adopted the United States Supreme Court's interpretation of the corresponding federal constitutional provision, notwithstanding any textual, historical, or jurisprudential differences. But "allowing the federal courts to interpret the Kansas Constitution seems inconsistent with the notion of state sovereignty." Thus, we retain authority to interpret the Kansas Constitution independently of the manner in which federal courts interpret corresponding provisions of the United States Constitution, which may result in our state Constitution providing greater or different protections. And our court has exercised this sovereign power to interpret certain provisions of the Kansas Constitution in a manner different from parallel provisions of the United States Constitution.[24]

Indeed, the Supreme Court has long counseled that: "It is fundamental that state courts be left free and unfettered by [federal courts] in interpreting their state constitutions."[25] Given this authority, the Court finds that Plaintiffs' state constitutional claims are not capable of resolution in federal court without disrupting the federal-state balance approved by Congress.

In sum, the mere fact that Plaintiffs' claims under the Kansas Constitution are construed under the law consistently with analog claims under the United States Constitution is insufficient to trigger a substantial federal question for purposes of federal jurisdiction.[26] As stated earlier, the plaintiff is the "master of the complaint," and may choose to avoid federal court by exclusively alleging claims under state law. That is exactly what Plaintiffs did here. As one

---

[24] *State v. Albano*, 487 P.3d 750, 756 (Kan. 2021) (quoting and citing *State v. Lawson*, 297 P.3d 1164, 1169 (Kan. 2013) (further citations omitted).

[25] *Minnesota v. Nat'l Tea Co.*, 309 U.S. 551, 557 (1940).

[26] *See, e.g.*, *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 371 (5th Cir. 1995), *abrogated on other grounds by Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 470 (1998); *Lynchburg Range & Training v. Northam*, 455 F. Supp. 3d 238, 246–47 (W.D. Va. 2020); *Republican Nat'l Comm. v. N.C. State Bd. of Elections*, No. 5:24-CV-00547-M, 2024 WL 4523912, at *9 (E.D.N.C. Oct. 17, 2024).

district court recently explained under similar circumstances, "the 'disruptive portent in exercising federal jurisdiction' would create the risk of 'a horde of original filings and removal cases' involving state constitutional claims. . . . That is not what Congress could have intended when it granted federal courts subject matter jurisdiction over 'civil actions arising under' the 'laws . . . of the United States.'"[27] Accordingly, the Court grants the motion to remand this case to state court.

## III. Motion for Fees and Costs

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." As the Supreme Court has explained:

> Absent unusual circumstances, courts may award attorney's fees under 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case.[28]

The Court finds that Defendant did not lack an objectively reasonable basis for seeking removal. At the time it removed this action, Plaintiffs plainly alleged a federal claim under 42 U.S.C. § 1983. Although they moved for leave to amend and drop that claim prior to removal, Defendant made an objectively reasonable argument that there was nonetheless jurisdiction because the claim presented a substantial federal question. Although the Court disagrees, it declines to find that this position was objectively unreasonable such that an award of fees and costs is warranted.

---

[27] *Republican Nat'l Comm*, 2024 WL 4523912, at *9 (first quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); and then quoting 28 U.S.C. § 1331).

[28] *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005) (citations omitted).

### IV. Motion to Stay

Finally, Plaintiff moves the Court to stay any decision on Free State Solar Project, LLC's Motion to Intervene. The request is moot. The Court has not ruled on the motion to intervene and it will be decided by the state court after remand.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Motion for Remand and Costs and to Stay Pending Ruling on Remand (Doc. 8) is **granted in part, denied in part, and moot in part**. The Court grants the motion to remand, denies the request for fees and costs, and finds moot the motion to stay. The Clerk is directed to remand this case back to Douglas County, Kansas District Court.

**IT IS SO ORDERED.**

Dated: October 28, 2024

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE